UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANYA McNEELY,

        Plaintiff,         Case Number 12-12608
v.        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

KROGER,

        Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTIONS,
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND CONTINUING ORDER OF REFERENCE FOR PRETRIAL PROCEEDINGS**

This case is before the Court on the defendant's objections to a report filed by Magistrate Judge Michael J. Hluchaniuk recommending that the defendant's motion for summary judgment be denied. The plaintiff filed a *pro se* complaint in this case alleging that the defendant interfered with her right to take leave under the Family and Medical Leave Act. The Court referred this case to Magistrate Judge Michael J. Hluchaniuk for pretrial management. The plaintiff obtained counsel, and after a series of amendments and stipulated dismissals of certain claims, an FMLA interference claim and a retaliation claim remain. The defendant filed a motion for summary judgment, and on May 9, 2014 Judge Hluchaniuk filed his report recommending that the motion be denied because unresolved fact questions required a trial. The defendant filed timely objections, and the matter is before the Court for *de novo* review.

I.

The facts of the case were set out in detail by the magistrate judge. Neither side takes issue with that recitation, and the Court adopts it. Here, it is sufficient to note that the plaintiff alleges that she was employed in the meat department at Kroger from 2001 until October 15, 2010, when she

was fired. Since 2005, McNeely had been granted intermittent Family and Medical Leave Act (FMLA) leave to care for her severely asthmatic son. During McNeely's October 15, 2010 shift, she received an emergency call from her son stating that he was having trouble breathing. After receiving the call, McNeely neglected to return meat she was stocking to the cooler and failed to ask another employee to complete the task. McNeely immediately attempted to locate the store manager, Jarret Rawls, to obtain permission to take intermittent FMLA leave. When she could not find Rawls, she asked her department manager, Kirk Donner, for permission. Donner, whose shift had just ended, granted McNeely permission. McNeely asserts that she then attempted to punch out on the time clock before leaving, but reports later obtained from the clock did not register the punch out. Donner then drove McNeely home to care for her son. When McNeely returned to work an hour and a half later, she completed a task Donner had forgotten to complete and then met with Rawls. Rawls presented her with a Constructive Advice Record of Suspension Pending Advisory Discharge. The Constructive Advice Record cited McNeely's quality of work and failure to obtain permission before leaving on October 15 as the reason for her suspension pending discharge. Lanell Ohlinger, a human resources manager, terminated McNeely for leaving work during her shift without permission, based on Rawls's statement regarding her tardiness, the October 15, 2010 incident, and her failure to punch out. Kroger also had the decision investigated by John Goodgine. McNeely then received a letter of termination dated November 12, 2010 stating that her employment had been terminated for violation of "store rule #4," that is, leaving work without permission. McNeely later attempted to gain employment at the same Kroger, as well as two additional Kroger locations, but was unsuccessful.

In his report, Judge Hluchaniuk concluded that the plaintiff had established a *prima facie* case under both the interference and retaliation theories of FMLA liability. He also found that material fact questions existed on the present record on whether Kroger's rationale for McNeely's termination was a pretext for retaliation against her for her exercise of FMLA leave rights, and whether Kroger had an honest belief in its alleged legitimate basis for termination.

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Court must "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." *Ibid.*; *see also United States v. Raddatz*, 447 U.S. 667, 674-75 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The defendant filed five objections to the report and recommendation:

1.      The magistrate judge reversed the burdens of proof and procedure to conclude that fact questions existed regarding Kroger's legitimate business reasons for terminating McNeely.

2.      The magistrate judge ignored fundamental FMLA law that employees are not protected for violations of company policies and substituted his judgment for Kroger's regarding whether McNeely's conduct warranted discharge.

      3.      The magistrate judge impermissibly employed speculation and conjecture based on McNeely's counsel's argument and unsupported opinion to create fact questions regarding the reasons for termination.

      4.      The magistrate judge did not require McNeely to set forth any evidence to refute several of Kroger's reasons for discharging her and any one of the reasons should have been sufficient to require summary judgment in its favor.

      5.      The magistrate judge refused to apply the honest belief doctrine.

A.

Kroger contends that its Constructive Advice Record and termination letter both provided legitimate and nondiscriminatory reasons for McNeely's termination that should have sufficed for summary judgment. However, as the magistrate judge noted, the Constructive Advice Record attributes McNeely's suspension to her "quality of work," that she "walk[ed] off the job without permission," that she did not punch the time clock, and that she failed to return the meat to the cooler, but the termination letter only cites that she left without permission. And the record presents serious fact questions on whether that was the true reason for termination.

"The FMLA . . . authorizes claims based on an adverse employment action motivated by both the employee's use of FMLA leave and also other, permissible factors." *Hunter v. Valley View Local Sch.*, 579 F.3d 688, 691 (6th Cir. 2009) Additionally, "[p]roof of temporal proximity between the protected activity and the adverse employment action, coupled with other indicia of retaliatory conduct, may give rise to a finding of a causal connection." *Dixon v. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007) (internal quotation marks omitted).

Causation may be proved directly or inferentially. When causation is based on circumstantial evidence, courts apply the familiar three-step *McDonnell Douglas* analysis used in most other employment discrimination cases. *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006) (noting that "federal courts follow the burden-shifting framework that the Supreme Court has prescribed for analogous civil rights cases described in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981)."). Under the *McDonnell Douglas* analysis, a plaintiff first must make out a *prima facie* case of retaliation under the FMLA. *Skrjanc v. Great Lakes Power Servc. Co.*, 272 F.3d 309, 315 (6th Cir. 2001). "The burden then shifts to [the defendant] to articulate a legitimate, nondiscriminatory reason for [the adverse action]." *Ibid.* If the defendant articulates such a reason, the plaintiff then has the burden of showing that the defendant's articulated reason is a pretext. *Ibid.* "An employee can show pretext by offering evidence that the employer's proffered reason had no basis in fact, did not actually motivate its decision, or was never used in the past to discharge an employee." *Smith v. Chrysler Corp.*, 155 F.3d 799, 805-06 (6th Cir. 1998) (citing *Kocsis v. Multicare Management, Inc.*, 97 F.3d 876, 883 (6th Cir. 1996)); *see also Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994), *overruled on other grounds by Gross v. FBL Financial Serv.*, 557 U.S. 167 (2009).

In this case, the record shows that when the plaintiff received a call that her son was having an asthma attack, she looked for Jarret Rawls, the store manager, but Rawls was nowhere to be found. She then sought permission from Kurt Donner to leave to attend to her son. Not only did Donner giver her permission to leave, but he drove her home. The magistrate judge correctly observed that fact questions remain on Donner's authority to grant permission to leave during a shift.

He pointed to the plaintiff's testimony that department heads previously had granted her permission to leave, and that the termination letter listed leaving without permission as the sole basis for termination. The magistrate judge correctly analyzed the record and arrived at the proper conclusion.

A reasonable fact finder could infer that the plaintiff's exercise of FMLA leave may have motivated the decision to fire her based on the termination letter's silence regarding any progressive discipline, absences, lateness, food and safety violations, or policy violations. Additionally, as McNeely indicated, the absences, tardys, and food and safety violations Kroger listed occurred over a time span of nine years of employment, rather than a short period of time. Further, the close proximity between her use of FMLA leave and her discharge suggests that Kroger's additional reasons in the suspension document were not the true motivating factor for termination. Moreover, the fact that McNeely had committed previous food and safety violations and failed to punch the time clock in the past, and no termination resulted, indicates that Kroger's stated rationale may be a pretext.

The additional reasons proffered by Kroger could be reasonably believed to have not motivated the termination decision, and therefore a question of fact remains as to whether Kroger interfered with McNeely's exercise of her FMLA rights and the reason(s) for her discharge are pretextual. The magistrate judge applied the proper summary standard under Federal Rule of Civil Procedure 56(a). The defendant's first objection is overruled.

B.

Kroger accuses the magistrate judge of imposing his own judgment to determine whether McNeely should have been fired, because the FMLA does not protect employees from failure to

follow work rules and procedures. A common sense reading of the report shows otherwise. The magistrate judge applied the familiar requirement that on summary judgment, the facts must be viewed in the light most favorable to the nonmoving party. *See Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009). As discussed, although Kroger's purported reasons for McNeely's discharge could be found to be legitimate, a reasonable jury could find that those reasons were pretexts for retaliation.

     Certainly, the FMLA does not allow employees to disregard their employer's rules and procedures. *Braithwaite v. Timken Co*., 258 F.3d 488, 496-97 (6th Cir. 2001). But simply stating that bromide begs the question: why did Kroger fire a nine-year employee who left during a shift to take care of a sick child, when her department head gave permission to leave, and the other listed faults never before resulted in termination? Although Kroger has offered evidence demonstrating that the offenses may have warranted immediate termination, a question of fact still remains regarding whether such reasons were pretexts. The magistrate judge's personal judgment had nothing to do with that outcome. The second objection is overruled.

C.

     Kroger argues that the magistrate judge employed speculation and conjecture to create fact questions on the reasons for termination instead of considering the record and evidence before the court, contending that he "merely identified additional discovery that might have been pursued and speculated that information uncovered in this hypothetical future discovery might create a fact question." Def's. Obj. at 13. Kroger argues it should not be forced to bring forward records of McNeely's prior FMLA leave to prove whether department heads previously had granted permission, because the defendant does not need to show that a factual dispute exists in a summary

judgment motion. Kroger argues that the record shows that its policy does not allow employees to obtain permission to use FMLA leave from department managers.

Kroger is correct on one point. It is not Kroger's obligation to show a fact dispute when bringing its own motion for summary judgment. However, to succeed on a motion for summary judgment, the moving party must identify "pleadings, depositions, answers to interrogatories, and admissions on files, together with the affidavits, if any, which it believes demonstrate the *absence* of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis added). Materiality is established if the fact "would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Anderson v. Otis Elevator Co.*, 923 F. Supp. 2d 1032, 1053 (E.D. Mich. 2013) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). The Court then considers whether a dispute is genuine by evaluating whether the evidence set forth, taken in the light most favorable to the non-moving party, "is such that a reasonable jury could return a verdict for the nonmoving party." *Ibid*. (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986)). To meet this standard, the evidence must be significantly in favor of the movant's position and the non-movant must fail to provide specific facts to show a genuine issue of material fact exists. *Id*. at 1053-4.

Kroger has not met this standard, and therefore its objection is without merit. *Celotex* 477 U.S. at 323-24. Because Kroger does not have to negate McNeely's claim, it is not responsible for bringing forward the evidence and depositions the magistrate judge referenced. But Kroger cites a single statement in McNeely's brief stating that she had sought Rawls's permission in accordance with Kroger's "past practice and policy," and argues that it was not previously aware that she had taken FMLA leave with the permission of only a department head. Making the argument, however,

-8-

does not establish the fact for the record. McNeely's depositions and pleadings repeatedly state that she had taken leave with only the permission of a department head prior to this incident, and the company handbook is silent on whether a department head may grant permission. The magistrate judge's (accurate) lamentation on the poorly-developed record is not a resort to speculation. Rather, he merely was observing that there were holes in the record that left fact questions unanswered, those questions are material, and answers to those questions that might have been furnished through discovery, if the defendant had chosen to so engage, could have resolved the questions in the defendant's favor. That is not a resort to conjecture. It is a candid assessment of the state of the record.

D.

Kroger argues that any of its various reasons for McNeely's termination were sufficient to merit summary judgment, but that the magistrate judge did not require McNeely to provide evidence refuting the reasons for discharge. This objection is meritless. Kroger says that McNeely failed to provide evidence refuting whether she punched out and whether her work quality was insufficient. But as the magistrate judge noted, McNeely testified that she attempted to punch out and that the time clocks are frequently problematic. Report & Rec. [dkt. #39] at 21. Further, McNeely's testimony also indicates that a failure to punch out is not a violation that results in immediate termination. *Id*. at 22. Kroger has not provided contrary evidence to establish that a failure to punch out is a terminable offense. Regarding McNeely's quality of work, she has argued that her termination letter did not attribute her discharge to progressive discipline. *Id*. at 21. McNeely also argues in her response to the objections that the record of her absences and food and safety

violations spans nine years, and therefore it is not a good indication of her current quality of work.

E.

Kroger's fifth objection claims that the magistrate judge failed to properly apply the honest belief doctrine. Because the Sixth Circuit previously has used the honest belief doctrine when considering whether a reason is a pretext for discrimination, Kroger argues that it should be applied in both the interference and the retaliation claims of this case.

The Sixth Circuit has identified an ambiguity in its precedents on whether the honest belief defense applies in FMLA interference cases. *Tillman v. Ohio Bell Tel. Co.*, 545 F. App'x 340, 352-53 (6th Cir. 2013). (citing *Adams v. Auto Rail Logistics, Inc.*, 504 F. App'x 453, 457-58 (6th Cir. 2012); *Weimer v. Honda of America Mfg., Inc.*, 356 F. App'x 812, 819 (6th Cir. 2009)). It certainly is appropriate in FMLA retaliation cases, where the employers motive is relevant. But the rule should not be used when analyzing a FMLA interference claim. *See Donald v. Sybra, Inc.*, 667 F.3d 757, 762 (6th Cir. 2012). The magistrate judge found it unnecessary to resolve the ambiguity, because even if the honest belief defense were applicable in interference cases, fact questions precluded summary judgment based on that defense. The Court agrees with that analysis.

As the magistrate judge accurately stated, in order to determine whether the plaintiff has raised a genuine issue of material fact as to pretext, the Court must consider not whether the defendant's reasons for taking an adverse action against the plaintiff actually were good reasons, but instead whether the defendant had an honestly held belief that they were. *See Alan v. Highlands Hosp. Corp.*, 545 F.3d 387, 398 (6th Cir. 2008).

> [T]he key inquiry in assessing whether an employer holds such an honest belief is whether the employer made a reasonably informed and considered decision before

> taking the complained-of action. An employer has an honest belief in its rationale when it reasonably relied on the particularized facts that were before it at the time the decision was made. [W]e do not require that the decisional process used by the employer be optimal or that it left no stone unturned.

*Ibid.* (quoting *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 598-99 (6th Cir. 2007)). "The 'plaintiff must produce sufficient evidence from which the jury could reasonably reject [the defendant's] explanation and infer that the defendant[] . . . did not honestly believe in the proffered nondiscriminatory reason for its adverse employment action.'" *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 526 (6th Cir. 2008) (quoting *Braithwaite v. Timken Co.*, 258 F.3d 488, 493-94 (6th Cir. 2001)).

Kroger argues that its human resource manager's decision to fire McNeely was based on an honest belief in legitimate reasons for termination because HR manager Ohlinger considered John Goodgine's investigation, Rawls's statements, the October 15 incident, and McNeely's failure to punch out. But the Court must examine carefully an employer's reasons for adverse employment action:

> [C]ourts . . . [should not] blindly assume that an employer's description of its reasons is honest. When the employee is able to produce sufficient evidence to establish that the employer failed to make a reasonably informed and considered decision before taking its adverse employment action, thereby making its decisional process 'unworthy of credence,' then any reliance placed by the employer in such a process cannot be said to be honestly held.

*Smith v. Chrysler Corp.*, 155 F.3d 799, 806-807 (6th Cir. 1998). As Judge Hluchaniuk pointed out, Kroger did not provide any evidence or documentation of either Ohlinger's or Goodgine's procedures or any details of their investigations. There is no evidence on whether Kroger even investigated the plaintiff's claim that she had been given permission by department supervisors in the past to take FMLA leave, even though all agree that the plaintiff had taken such leave

previously. There is a paucity of "particularized facts" upon which the defendant based its decision, calling into question its honest belief in its stated reason(s) for termination. The Court agrees that the record "creates a factual dispute whether the decision to terminate was reasonably informed and worthy of credence." *White v. Telcom Credit Union*, 874 F. Supp. 2d 690, 710 (E.D. Mich. 2012). The defendant's fifth objection is overruled.

III.

The Court agrees with the magistrate judge and finds that his determination of the issues in the defendant's motion for summary judgment was correct. Therefore, the Court will adopt the report and recommendation.

Accordingly, it is **ORDERED** that the report and recommendation of the magistrate judge [dkt. # 39] is **ADOPTED**.

It is further **ORDERED** that the defendant's objections to the report and recommendation [dkt. # 40] are **OVERRULED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. #26] is **DENIED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Michael J. Hluchaniuk under the previous reference order [dkt. #6] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 16, 2014

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 16, 2014.

                                          s/Shawntel Jackson
                                          SHAWNTEL JACKSON